IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAVIER GUTIERREZ-ZAVALA, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-17-1858
:
CRAIG LOWE, : (Judge Conaboy)
:
    Respondent :

## MEMORANDUM
### Background

    Javier Gutierrez-Zavala filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Bureau of Immigration and Customs Enforcement (ICE) at the Pike County Prison, Lords Valley, Pennsylvania, Named as Respondent is Warden Craig Lowe of the Pike County Prison. Service of the Petition was previously ordered.

    Petitioner, a native of Mexico, alleged that because there is no likelihood that he will be deported in the foreseeable future, his prolonged indefinite detention by the ICE pending completion of his removal proceedings was unconstitutional pursuant to the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001).

### Discussion

    On February 15, 2018, Respondent filed a response arguing that this matter should be dismissed as moot. See Doc. 7. The

response states that the United States Court of Appeals for the Third Circuit denied Gutierrez-Zavala's petition for review on January 23, 2018. See Doc. 7-1, p. 3. Shortly thereafter, the Petitioner was removed from the United States pursuant to a Warrant of Removal/Deportation on January 31, 2018. Accordingly, Respondent contends that since the relief sought by the pending action can no longer be granted, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present

adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Gutierrez-Zavala sought his immediate release from ICE detention under an order of supervision or an individualized bond hearing before an immigration judge. See Doc. 1, p. 7. A submitted copy of a Warrant of Removal issued by ICE in Petitioner's case confirms that he was removed from the United States on November 1, 2016. See Doc. 7-1, p. 15. Since Petitioner is no longer being detained by ICE, under the principles set forth in Steffel, Gutierrez-Zavala's instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: FEBRUARY 16th, 2018

3